Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner, in a Pre-Trial Agreement dated 31 October 1994, in Industrial Commission Form 21, Agreement for Compensation for Disability, approved by the Industrial Commission on 9 July 1990, and in nine Industrial Commission Forms 26, Supplemental Memorandum of Agreement as to Payment of Compensation, approved by the Industrial Commission on 20 March 1991, 31 October 1991, 27 November 1991, 27 November 1991, 27 November 1991, 19 December 1994, 19 December 1994, 19 December 1994 and 19 December 1994, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. On 10 May 1990, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, the injury being a strained lower back.
4. Plaintiff's average weekly wage was $320.00, yielding a compensation rate of $213.34 per week.
5. The reports of the Maultsby Clinic, concerning plaintiff, are stipulated into evidence.
6. The reports of Dr. Anna Voytek, concerning plaintiff, are stipulated into evidence.
7. The reports of the Guilford Neurosurgical Associates, concerning plaintiff, are stipulated into evidence.
8. The reports of Dr. James Nitka, concerning plaintiff, are stipulated into evidence.
9. The reports of Dr. Mitchell Bloom, concerning plaintiff, are stipulated into evidence.
10. The reports of Dr. Jeffrey Schmidt, concerning plaintiff, are stipulated into evidence.
11. The reports of Dr. James C. Califf, concerning plaintiff, are stipulated into evidence.
12. The reports of Dr. Paul Long, concerning plaintiff, are stipulated into evidence.
13. Answers to Interrogatories, marked as Stipulated Documents 1, are stipulated into evidence.
14. Plaintiff's Answers to Interrogatories, marked as Stipulated Documents 2, are stipulated into evidence.
********
Based upon all of the competent credible evidence of record, the Full Commission adopts the findings of fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing of the above-captioned matter, plaintiff was a 40 year old man.
2. On 10 May 1990, plaintiff sustained an injury by accident which resulted in an injury to his low back. At that time, plaintiff's primary treating physician was Dr. James Nitka.
3. As a result of his compensable injury on 10 May 1990, the parties entered into Industrial Commission Form 21, Agreement for Compensation for Disability, which was approved by the Industrial Commission on 9 July 1990.
4. In addition, as a result of his compensable injury on 10 May 1990, the parties entered into an Industrial Commission Form 26, Supplemental Memorandum of Agreement as to Payment of Compensation, which was approved by the Industrial Commission on 20 March 1991, 31 October 1991, 27 November 1991, 27 November 1991, 27 November 1991, 19 December 1994, 19 December 1994, 19 December 1994 and 19 December 1994.
5. As a result of his compensable injury on 10 May 1990, plaintiff has a 27.5 percent permanent partial disability of his back. As a result, the parties entered into Industrial Commission Form 26, Supplemental Memorandum of Agreement as to Payment of Compensation, which was approved by the Industrial Commission on 19 December 1994.
6. All disability checks have been received by plaintiff within fourteen days of the due date of the disability check.
7. Plaintiff sustained a subsequent injury on or about 22 November 1992, when getting out of his car. When plaintiff requested additional medical treatment, defendant-employer conducted an investigation within a reasonable time in order to determine whether plaintiff's complaints of pain at that time were related to plaintiff's compensable injury. There is insufficient medical evidence of record from which to determine by its greater weight that this reasonable investigation by defendant's administrator into plaintiff's complaints caused plaintiff any physical detriment.
8. An independent medical examination was scheduled with Dr. James C. Califf. The scheduling of the IME was within a reasonable amount of time after plaintiff's former counsel requested the IME.
9. Plaintiff has incurred expenses in the amount of $301.00 for payment of an adjustable height drafting table and ergonomic chair to be used in drafting, which was not prescribed by a physician. These are tools of plaintiff's trade of drafting, and plaintiff would need this equipment regardless of his disability. There is insufficient medical evidence of record from which to determine by its greater weight that plaintiff's adjustable height drafting table was reasonably required to effect a cure, give relief, or would tend to lessen plaintiff's period of disability, and that plaintiff's disability caused plaintiff to incur any increased expenses in the purchase of equipment to be used for his draftsman's trade.
10. Plaintiff testified that he had encountered difficulties with defendant's administrator. There is insufficient evidence of record from which to determine by its greater weight, however, to support plaintiff's claim that defendant should be required to change administrators, or that there is any authority upon which such a change can be ordered.
11. Following the hearing of the above-captioned matter, by Motion dated 30 January 1995, plaintiff moved for a change of treating physicians. Plaintiff sought approval by the Industrial Commission for a change of treating physicians within a reasonable time.
**********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since defendant made payments of compensation within fourteen days after it became due, plaintiff is not entitled to a ten percent penalty. G.S. § 97-18 (e); See, G.S. § 97-18 (g), effective 5 July 1994, and applicable to claims pending on or filed after that date.
2. Defendant has provided reasonably prompt medical treatment, and an independent medical examination of plaintiff's choice. G.S. § 97-25; G.S. § 97-27.
3. The expenses which plaintiff incurred for the purchase of drafting equipment were not reasonably necessary to effect a cure, give relief and will not tend to lessen plaintiff's period of disability. G.S. § 97-2 (19); G.S. § 97-25.
4. Plaintiff is not entitled to an order requiring defendant to change administrators. See, G.S. § 97-2 et seq.
*********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Under the law, plaintiff's claim for a ten percent penalty, for the assessment of other penalties, for the expenses incurred in the purchase of drafting equipment, and for an order requiring defendant to change administrators must be, and the same is, DENIED.
2. By Motion dated 30 January 1995, plaintiff moved for a change in treating physicians, stating, inter alia, that plaintiff feels that he is unable to communicate with Dr. Nitka and that plaintiff is of the opinion that to permit Dr. Califf, an orthopedic surgeon in Burlington, to assume his care will be more likely to cause a reduction in the pain which plaintiff continues to have.
After careful consideration, having found that plaintiff made his request for a change in treating physicians within a reasonable time, plaintiff's Motion for a change in treating physicians is ALLOWED. As such, defendant shall pay all medical expenses incurred by plaintiff as a result of his compensable injury on 10 May 1990, including the expenses incurred as a result of the evaluations and treatments by James Califf, M.D., for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief and will tend to lessen plaintiff's period of disability, when bills for the same shall have been submitted by defendant's administrator pursuant to the approved Industrial Commission procedure.
3. Defendant shall pay the costs due this Commission.
 S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________________ LAURA K. MAVRETIC COMMISSIONER
S/ _________________________ J. RANDOLPH WARD COMMISSIONER
BSB:md